UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Gloria Farrior                                                      Case No:   16-26091-LMI
                                                                           Chapter:   13

_____Debtor._____/

## OBJECTION TO CLAIM NO. 2

Debtor, Gloria Farrior ("Debtor"), by and through the undersigned counsel, files this Objection to Claim No. 2 pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, and states:

1. The Debtor objects to claim no. 2 ("POC") of mortgagee DLJ Mortgage Capital, Inc. ("DLJ"). The Debtor filed her Fifth Amended Chapter 13 Plan on March 13, 2017 at ECF No. 38. Same was served upon DLJ on March 13, 2017 at ECF No. 39. The Fifth Amended Chapter 13 Plan was confirmed at the April 4, 2017 continued confirmation hearing. DLJ filed its POC on April 5, 2017. This Honorable Court's Order Confirming the Fifth Amended Chapter 13 Plan was dated April 18, 2017 at ECF No. 52. Same Confirmation Order was served on April 20, 2017 upon DLJ via BNC electronic transmission to DLJ Mortgage Capital, Inc. c/o Selene Finance LP ("E-mail/Text: bankruptcy.notices@selenefinance.com") at ECF No. 53. No motion for rehearing or appeal was filed. No objection to confirmation was filed by DLJ. DLJ's lien survives confirmation.

2. The Fifth Amended Chapter 13 Plan pays DLJ an arrearage of $8,035.84 with regular payments commencing month 17 to month 60 of $928.00. The POC listed an arrears of $12,060.25 with regular payments of $928.12.

3. 11 U.S.C. §1327(a) indicated that:

   "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

11 U.S.C. §1327(a)

4. Pursuant to §1327, a confirmed plan is *res judicata* as to any issue resolved or that could have been resolved at confirmation. ("Accordingly, a confirmed plan is res judicata as to any issues resolved or subject to resolution at the confirmation hearing." *In re Meeks*, 237 B.R. 856, 858-59 (Bankr. M.D. Fla.1999; *In re Ayre*, 339 B.R. 684 (Bankr.C.D.Ill.2006), aff'd 360 B.R. 880 (C.D.Ill.2007)).

5. The Eleventh Circuit held that a secured creditor mortgagee who files a proof of claim in a chapter 13 case and does not object prior to confirmation is bound by confirmation of the plan with the arrearage surviving confirmation. *In re Bateman*, 331 F.3d 821 (11th Cir. 2003).

6. The Debtor seeks to have her objection to the POC sustained in that the difference between the arrearage owed on the POC compared to the confirmed plan ($4,024.41) and the difference owed between the regular payments on the proof of claim and the confirmed plan ($6,866.68) survive the confirmed plan and DLJ retains its rights under the mortgage.

WHEREFORE, Debtor respectfully requests that this Honorable Court sustain her objection to claim no. 2 as indicated in paragraph 6 and award any further relief this Honorable Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true copy of this Objection to Claim was served on July 18, 2017 via CM/ECF to all registered parties and/or via first-class US Mail to:

ECF
Nancy N. Neidich, Esquire
Office of the Standing Chapter 13 Trustee
P.O. Box 279806
Miramar, FL 33027

First-class US Mail
DLJ Mortgage Capital, Inc.
c/o Selene Finance, LP
9990 Richmond Avenue, Suite 400 South
Houston, TX 77042

RESPECTFULLY SUBMITTED,

SAGRE LAW FIRM, P.A.
Counsel for Debtor
5201 Blue Lagoon Drive, Suite 892
Miami, Florida 33126
Tel.: (305) 266-5999
Fax.: (305) 265-6223
By: _____/s/_____
    ARIEL SAGRE, ESQ.
    FLA. BAR. NO.: 557447